UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6255-Cr-FERGUSON
Magistrate Judge Snow

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GREGORY LAWRENCE, | ) |
| a/k/a "Lee Ruben Charlemagne," | ) |
| a/k/a "Frankie Lafontant," | ) |
| a/k/a "Jackel Thomas Smith" | ) |
| | ) |
| Defendant. | ) |
| _____ / | |



## **GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

- A.   1.   The government is unaware of any written or recorded statements made by the defendants.

     2.   The government is currently obtaining information from a variety of investigative agencies involved in the investigation of the defendant to determine if any oral admissions were made by the defendant. Upon determination that such statements were made by the defendant, the portion of any written record containing the substance of any oral statement made by the defendant or a summary of any oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent, will be provided to counsel.



    3.    No defendant testified before the Grand Jury.

    4.    The NCIC (TECS II) computer printout of the defendant's criminal record is attached and bate stamp numbered 01 through 020.

    5.    Copies of books, papers, documents, INS records, bogus motor vehicle licenses and identifications, application for passport etc., which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant are attached hereto and bate stamp numbered 021 through 033.

    6.    There were no physical or mental examinations or scientific tests or experiments made in connection with this case other than the examination done to compare the fingerprints of the defendant for purposes of identification. The fingerprint cards and report are attached and bate stamp numbered 034 through 041.

B.    The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.    The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.    The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.    The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.    The defendant was not identified in a lineup, show up, photo spread or similar identification proceeding.

G.    The government has advised its agents and officers involved in this case to preserve all rough notes.

H.    The government will advise the defendant prior to trial, of its intent, if any, to introduce during its case in chief proof of evidence pursuant to Fed.R.Evid. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be

2

offered in the trial of this cause, under Fed.R.Evid. 404(b) or otherwise.

I. The defendant is not an aggrieved person, as defined in Title 18, United States code, Section 2510(11), of any electronic surveillance.

J. The defendant waived indictment and was charged by information. Ttherefore, there is no Grand Jury testimony of any witnesses who will testify for the government at trial of this cause.

K. No contraband is involved in the charges against the defendant.

L. The defendant used commercial carrier, Bahamas Air Flight 244 from Nassau to Miami, Florida. If you wish to inspect the aircraft used in the commission of the offense charged, you will have to contact an Bahamas Air Airlines representative. No aircraft, vessels or vehicles were seized in this case, nor does the government presently intend to do so.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant other than those taken during the booking procedures and otherwise indicated in Paragraph A6, above.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

        Sincerely yours,

        GUY A. LEWIS
        UNITED STATES ATTORNEY

By: _____
        SCOTT H. BEHNKE
        ASSISTANT UNITED STATES ATTORNEY
        500 E. BROWARD BOULEVARD
        FORT LAUDERDALE, FLORIDA 33394
        Tel: (954) 356-7255 ext. 3518

cc: S/A Rich Loeffert, Diplomatic Security, Department of State

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Response the Standing Discovery Order was hand delivered this the 21st. day of September, 2000 to: **Clayton Kaeiser, Esq.**, attorney for GREGORY LAWRENCE at 28 W. Flagler, Suite 301, Miami, Fl. 33130.

SCOTT H. BEHNKE
ASSISTANT UNITED STATES ATTORNEY

4