UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6255-CR-HURLEY/VITUNAC

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

FRANKIE LaFONTANT
aka Gregory Lawrence,

<u>                    Defendant.    /</u>



## *REPORT AND RECOMMENDATION*

**THIS CAUSE** came before the Court on July 8, 2003, for a hearing on alleged violations of supervised release. The defendant is charged with violations of his supervised release:

1.     Violation of mandatory condition, by failing to refrain from violation of the law.

On or about May 14, 2003, the Defendant was arrested by the Miami Dade Police Department and charged with Attempted First Degree Murder, contrary to Florida Statute 782.04; Possession of a Firearm by a Convicted Felon, contrary to Florida Statute 790.23; Use of a Firearm to Commit a Felony, contrary to Florida Statute 790.04; and Aggravated Assault, contrary to Florida Statute 784.021.

2.     Violation of mandatory condition, by failing to refrain from violation of the law.

On or about May 14, 2003, in Dade County, Florida, the Defendant did commit the offense of Unauthorized Possession of a Driver's License, contrary to Florida Statute 322.212.

The Court has heard the testimony of Detective Tellez, who began an investigation of a gas station shooting on or about May 14, 2003, at which time one individual was shot and three other

individuals were shot at. Pursuant to that investigation, Officer Tellez determined from the victim that the shooter was this Defendant. The testimony of the victim is that he knew the Defendant by name and that the shooting was the result of a drug dispute. Further investigation revealed that a second witness, Darren Jolly, also identified this Defendant as one of the two males in the vehicle who had fired shots at the group of men standing at the gas station. Both Jolly and the victim identified this Defendant from a photo line-up.

At the trial of the Co-Defendant, Darren Jolly testified in support of his first statement to Detective Tellez. Additionally, Darren Jolly gave sworn statements under oath prior to the trial by way of deposition (Ex. 1 &3). Following the trial of the Co-Defendant in State Court, witness Jolly gave an affidavit (Deft's Ex.1) changing his story. He claimed that he got assistance on his armed robbery charge by virtue of his cooperation in the State murder investigation. Jolly now claimed that this Defendant had no participation in the shooting. The victim of the May 14, 2003 shooting is no longer available for testimony.

It is not surprising that Mr. Jolly has given this recent conflicting affidavit. Mr. Jolly is a criminal having allegedly been charged in an armed robbery, in Broward County, and admittedly was involved in a drug dispute with this Defendant.

The preponderance of the evidence and the greater weight of the evidence is that throughout the proceeding, at an earlier stage of the State investigation, Mr. Jolly identified this Defendant, by name, as being involved in the shooting. Mr. Jolly gave sworn testimony before a Court, he gave an affidavit under oath, and he gave a deposition to that effect in State Court. Moreover, the victim of the shooting has always identified this Defendant through testimony and statements given, as being involved in the shooting.

Accordingly, the Court finds that the Defendant is in violation of mandatory condition #1.

As to condition #2, the uncontradicted evidence is that on May 14, 2003, when the Defendant was arrested he was in possession of two driver's licences (Govt. Ex. 4&5). One of the licenses is in another name, it is a false license or an unauthorized possession under Florida law. Therefore, the Court finds him in violation of condition #2 and recommends to the District Court that Frankie LaFontant a/k/a Gregory Lawrence be found in violation of his supervised release and recommends that the United States District Court proceed to sentencing in this matter.

Pursuant to 28 U.S.C. §636(b)(1)(B)and (C), the parties shall serve and file written objections, if any, with the Honorable Daniel T. K. Hurley, United States District Court Judge within ten (10) days from the date of this report and recommendation.

**DONE AND SUBMITTED** in Chambers at West Palm Beach, Florida, this 15th day of July, 2003.

**LINNEA R. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

Copies provided to:

Honorable Daniel T. K. Hurley
Scott Behnke, AUSA
Clayton R. Kaeiser, Esq.
Steven G. Aasterud, USPO